**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

_____
                                    :
LORENZO HARDWICK,                   :
                                    :    Civil Action No.
            Petitioner,             :    12-7158 (RBK)
                                    :
     v.                             :    **MEMORANDUM OPINION**
                                    :    **AND ORDER**
UNITED STATES OF AMERICA,           :
                                    :
            Respondent.             :
_____:

This matter comes before the Court upon Petitioner's filing of his pro se Section 2255 motion and an amended version of the same, executed with assistance of counsel,[1] see Docket Entries Nos. 1 and 3, and it appearing that:

1. The underlying "case involve[d] various criminal acts related to drug dealings in Camden, New Jersey. . . . [I]t is enough to [state] that this case concern[ed] a gang called the Perez Organization [which] was led by Enrique 'Ricky' Perez, [where Petitioner] Lorenzo 'Fu Quan' Hardwick managed one of the drug corners . . . . Various disputes erupted between members of the Perez Organization and competing drug dealers.  Three individuals were shot to

_____

[1] Addressing Section 2255 challenges filed by pro se litigants, district courts in this Circuit are obligated to advise the litigants of their right under the holding of United States v. Miller, 197 F.3d 644 (3d Cir. 1999).  Here, Petitioner is represented and, therefore, the Court can turn to the procedural and substantive aspects of his claims without more.

death, and several others were badly injured." United States v. Hardwick, 544 F.3d 565, 568 (3d Cir. 2008). Following Petitioner's conviction and sentencing in 2006, Petitioner and his co-defendants filed a series of individual direct appeals that were resolved in a consolidated decision. See id. at 567. Petitioner's claims raised on direct appeal

> were: (1) acceptance of Captain Joseph Bowen as an expert on the Sons of Malcolm X was prejudicial error; (2) the Assistant United States Attorney's vouching statements during closing argument were reversible error; (3) the late admission of pretrial statements of co-defendant Bernard Murray violated the Confrontation Clause and constitutes reversible error; (4) use of unproven, judicially found facts to enhance [Petitioner's] sentence beyond the statutory maximum found by the jury was improper and requires [Petitioner's] sentence to be vacated.

Id. at 567, n.1.

2. On October 3, 2008, the Court of Appeals affirmed, inter alia, Petitioner's conviction but remanded the underlying proceeding for limited re-sentencing to be conducted in the fashion "consistent with the Justice Department policy memorandum." Id. at 575; accord United States v. Hardwick, 455 F. App'x 151 (3d Cir. 2011) ("We . . . affirmed [Petitioner and his co-defendants'] convictions, but remanded for limited resentencing"). In compliance with the Court of Appeal's guidance, Petitioner was re-sentenced; he appealed his sentence as re-imposed. The Court of Appeals

      "affirm[ed] the . . . [C]ourt's [re-sentencing decision, as well as the Court's] refusal to broaden the scope of the remand as requested by [Petitioner] at the resentencing." <u>Hardwick</u>, 455 F. App'x at 151; <u>see also id.</u> at 152 (stressing that this Court had "no authority to deviate from the specific mandate of" the Court of Appeals as to the scope of re-sentencing). The Court of Appeals' affirmance was issued on November 21, 2011.

3.   The instant Section 2255 proceedings followed.[2] In his amended counseled application, Petitioner raised four grounds, asserting that:

    a.   performances of his trial and appellate counsel were constitutionally deficient for three reasons. <u>See</u> Docket Entry No. 3, at 4;

    b.   this Court erred in attributing drugs in excess of a certain amount to one of Petitioner's underlying criminal offences. <u>See id.</u> at 5;

    c.   this Court erred in applying a certain sentence enhancement measure to Petitioner. <u>See id.</u> at 7; and

    d.   this Court erred in selecting a certain mandatory

---

[2] Petitioner's original submission, executed <u>pro se</u>, contained five grounds and eight sub-grounds. <u>See</u> Docket Entry No. 1.

       minimum sentence.  See id. at 8.[3]

4. In order to prevail on a petition under 28 U.S.C. § 2255, the petitioner bears a heavy burden.  "Habeas corpus relief is generally available only to protect against a fundamental defect which inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary

---

[3] Petitioner's amended counseled petition asserted three sub-claims to performance by Petitioner's lawyers (stating two claims based on performance of Petitioner's appellate attorney and one claim based on performance of his trial attorney).  See Docket Entry No. 1, at 4.  However, for the reasons not entirely clear to this Court, Petitioner's memorandum of law, submitted in support of that counseled amended pleading, asserted "a" to "i" sub-claims, that is, nine different challenges, some of which were not elaborated on at all: rather, Petitioner's counseled brief invited this Court to first examine Petitioner's original pro se submission (containing five grounds and eight sub-grounds that did not clearly correlate to his amended, counseled claims) and then detect those pro se grounds (or sub-grounds) that resembled the not-elaborated-upon claims (made in Petitioner's counseled amended pleading the most.  See id. at 19-34; see also Docket Entry No. 1, at 3-4.  Moreover, Petitioner's ground two, as detailed in his memorandum of law submitted in support of the amended counseled petition, was paraphrased in terms of an assistance of counsel challenge, being qualitatively different from the ground two articulated in the amended counseled petition itself.  See Docket Entry No. 3, at 33.  Furthermore, Petitioner's ground three stated in his amended counseled petition was wholly omitted from his memorandum of law submitted in support of the same, while his ground four was elaborated upon in that memorandum of law by a single sentence requesting an evidentiary hearing on the subject undisclosed to this Court. See id. at 34.  The Court, therefore, takes this opportunity to stress that: (a) counseled applications do not enjoy the tolerance given to pro se submissions; in any event, (b) all "[h]abeas corpus petitions must meet heightened pleading requirements," McFarland v. Scott, 512 U.S. 849, 856 (1994); and (c) Habeas Rule 2(c) expressly requires a petition to "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground."  28 U.S.C. § 2254 Rule 2(c), applicable to Section 2255 proceedings through Rule 1(b).

demands of fair procedure." United States v. DeLuca, 889 F.2d 503, 506 (3d Cir. 1989) (citing Hill v. United States, 368 U.S. 424, 428 (1962)). Section 2255 does not embrace all claimed errors in conviction and sentencing, and where the claimed error is not jurisdictional or constitutional, the scope of collateral attack is much more limited.[4]  See United States v. Addonizio, 442 U.S. 178, 185 (1979).  For a collateral attack under § 2255, "a distinction is drawn between constitutional or jurisdictional errors on the one hand, and mere errors of law on the other," United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. 1981), because, "after conviction and exhaustion or waiver of any right to appeal, 'we are entitled to presume that [the defendant] stands fairly and finally convicted.'"  United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991) (en banc) (quoting United States v. Frady, 456 U.S. 152, 164 (1982)), cert. denied, 502 U.S. 1076 (1992).

5.  Accordingly, "[w]here a [petitioner] has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the [petitioner]

---

[4] To warrant collateral relief, an error of law must constitute a fundamental defect resulting in a "complete miscarriage of justice," an omission that is "inconsistent" with rudimentary demands of fair procedure, or an "exceptional circumstance."  United States v. Timmreck, 441 U.S. 780, 783 (1979).

    can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'"[5]  <u>Bousley v. United States</u>, 523 U.S. 614, 622 (1998) (citing <u>Murray v. Carrier</u>, 477 U.S. 478, 485 and 496 (1986); <u>Wainwright v. Sykes</u>, 433 U.S. 72, 87 (1977); and <u>Smith v. Murray</u>, 477 U.S. 527, 537 (1986)); <u>see also</u> <u>United States v. Frady</u>, 456 U.S. 152, 167-68 (1982).  To show cause, the petitioner "must establish that 'some external impediment' prevented him from raising the claim." <u>Wise v. Fulcomer</u>, 958 F.2d 30, 34 n. 9 (3d Cir. 1992 ) (quoting <u>McCleskey v. Zant</u>, 499 U.S. 467 (1991)); <u>see also</u> <u>Frady</u>, 456 U.S. at 170.  "Prejudice exists where 'errors at trial . . . worked to [petitioner's] actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimensions.'" <u>Coleman v. Thompson</u>, 501 U.S. 722, 753 (1991); <u>see also</u> <u>Murray</u>, 477 U.S. at 494; <u>Frady</u>, 456 U.S. at 170.

6.    Petitioner's first cluster of claims (asserting ineffective assistance of his trial and appellate counsel) arguably satisfies the cause and actual prejudice standard. "Ineffective assistance of counsel . . . is cause for a procedural default." <u>Murray</u>, 477 U.S. at  488.  "If [a]

---

[5] Here, Petitioner's challenges to the amount of controlled substance attributed to his offence, his claim alleging improper sentence, his position that he was exposed to "double jeopardy," etc. do not suggest an assertion of actual innocence.

procedural default is the result of ineffective assistance of counsel, the Sixth Amendment . . . requires that responsibility for the default be imputed to the [government], which may not 'conduct trials at which persons who face incarceration must defend themselves without adequate legal assistance.'" Id. (quoting Cuyler v. Sullivan, 446 U.S. 335, 344 (1980)).  Indeed, the general rule is that a claim of ineffective assistance of counsel cannot be resolved on direct appeal when the claim has not been raised before the district court since no opportunity existed to develop the record on the merits of the allegations.

7. In contrast, Petitioner's grounds two, three and four, as set forth in his amended counseled pleading, appear procedurally defaulted.[6]  Moreover, Petitioner's original and amended Section 2255 applications are silent as to the procedural default aspect, hence suggesting that Petitioner has no "cause" and "prejudice" argument to offer this Court. Thus, as drafted, Petitioner's application comes dangerously close to conceding that Petitioner's grounds two, three and

---

[6] While Petitioner now asserts that this Court should have entertained his additional challenges to sentencing during the remand proceedings, Petitioner is well aware that this Court was limited by the scope of the remand mandate and, paramountly here, nothing prevented Petitioner from raising these additional challenges ab initio during direct appeal.

   four stated in his amended counseled pleading are subject to dismissal as procedurally defaulted.

8. However, out of abundance of caution, this Court finds it warranted to allow Petitioner an opportunity:
   a. to withdraw his procedurally defaulted claims; or
   b. to state his bases, if any, for seeking excuse of his procedural default.

9. In addition, in light of the substantial discrepancies between Petitioner's amended counseled petition and his memorandum of law in support of the same, and being mindful of the utter confusion resulting from Petitioner's invitation to "incorporate by reference" some of his claims superceded by his amended counseled pleading, see Instant Memorandum Opinion and Order, note 3 (detailing these shortcomings), this Court finds it warranted to allow Petitioner one last opportunity to state his claims clearly, concisely and in compliance with Habeas Rule 2.

  IT IS, therefore, on this __11th__ day of __December__, 2012,

  ORDERED that Petitioner's § 2255 application is dismissed. Such dismissal is without prejudice to Petitioner's filing of: (a) his written statement expressly withdrawing his procedurally defaulted challenges, or (b) his written statement showing cause as to why Petitioner's challenges other than those asserting ineffective assistance of counsel should not be dismissed as

procedurally defaulted; and it is further

ORDERED that Petitioner's written statement (regardless of whether such statement seeks to show cause or withdraws procedurally defaulted challenges) shall be accompanied by Petitioner's second amended habeas petition.  Such second amended petition shall be executed thoughtfully, clearly and concisely, in strict compliance with the requirements posed by Habeas Rule 2, without any "incorporation by reference" requests or requests for evidentiary hearings on unspecified matters; and it is further

ORDERED that Petitioner's written statement and his second amended habeas petition shall be filed within thirty days from the date of entry of this Memorandum Opinion and Order; and it is further

ORDERED that the Clerk shall administratively terminate this action by making a new and separate entry on the docket reading, "CIVIL CASE TERMINATED."  Such termination is not a dismissal on merits, and this Court does not withdraw its jurisdiction over this action.  The Clerk will be directed to reopen this matter upon timely receipt of Petitioner's second amended petition and his written statement; and it is further

ORDERED that, in the event Petitioner timely makes aforesaid filings, his Section 2255 application will be deemed timely provided that Petitioner's original application, Docket Entry No.

1, was filed within the period allowed by the statute of limitations; and it is further

ORDERED that the Clerk shall serve this Memorandum Opinion and Order upon Respondent by means of electronic delivery; and it is further

ORDERED that Respondent shall make appearances within fourteen days from the date of entry of this Memorandum Opinion and Order.  No Respondent's submissions other than appearances are required at this juncture; and it is finally

ORDERED that the Clerk serve this Memorandum Opinion and Order upon Petitioner by means of electronic delivery.

                                    s/Robert B. Kugler
                                    **ROBERT B. KUGLER**
                                    **United States District Judge**