## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

_____ :
                                :
LORENZO HARDWICK,               :
                                :        Civil Action No.
                 Petitioner,    :        12-7158 (RBK)
                                :
          v.                    :        **MEMORANDUM OPINION**
                                :        **AND ORDER**
UNITED STATES OF AMERICA,       :
                                :
                 Respondent.    :
_____ :


     This matter comes before the Court upon Petitioner's filing

of his pro se Section 2255 motion and an amended version of the

same, executed with assistance of counsel,[1] see Docket Entries

Nos. 1 and 3, and it appearing that:

1.   The underlying "case involve[d] various criminal acts

     related to drug dealings in Camden, New Jersey. . . . [I]t

     is enough to [state] that this case concern[ed] a gang

     called the Perez Organization [which] was led by Enrique

     'Ricky' Perez, [where Petitioner] Lorenzo 'Fu Quan' Hardwick

     managed one of the drug corners . . . . Various disputes

     erupted between members of the Perez Organization and

     competing drug dealers.  Three individuals were shot to

_____

     [1] Addressing Section 2255 challenges filed by pro se
litigants, district courts in this Circuit are obligated to
advise the litigants of their right under the holding of United
States v. Miller, 197 F.3d 644 (3d Cir. 1999).  Here, Petitioner
is represented and, therefore, the Court can turn to the
procedural and substantive aspects of his claims without more.

death, and several others were badly injured." United

States v. Hardwick, 544 F.3d 565, 568 (3d Cir. 2008).

Following Petitioner's conviction and sentencing in 2006,

Petitioner and his co-defendants filed a series of

individual direct appeals that were resolved in a

consolidated decision.  See id. at 567.  Petitioner's claims

raised on direct appeal

> were: (1) acceptance of Captain Joseph Bowen as an
> expert on the Sons of Malcolm X was prejudicial
> error; (2) the Assistant United States Attorney's
> vouching statements during closing argument were
> reversible error; (3) the late admission of
> pretrial statements of co-defendant Bernard Murray
> violated the Confrontation Clause and constitutes
> reversible error; (4) use of unproven, judicially
> found facts to enhance [Petitioner's] sentence
> beyond the statutory maximum found by the jury was
> improper and requires [Petitioner's] sentence to
> be vacated.

Id. at 567, n.1.

2.    On October 3, 2008, the Court of Appeals affirmed, inter

alia, Petitioner's conviction but remanded the underlying

proceeding for limited re-sentencing to be conducted in the

fashion "consistent with the Justice Department policy

memorandum."  Id. at 575; accord United States v. Hardwick,

455 F. App'x 151 (3d Cir. 2011) ("We . . . affirmed

[Petitioner and his co-defendants'] convictions, but

remanded for limited resentencing").  In compliance with the

Court of Appeal's guidance, Petitioner was re-sentenced; he

appealed his sentence as re-imposed.  The Court of Appeals

"affirm[ed] the . . . [C]ourt's [re-sentencing decision, as well as the Court's] refusal to broaden the scope of the remand as requested by [Petitioner] at the resentencing." Hardwick, 455 F. App'x at 151; see also id. at 152 (stressing that this Court had "no authority to deviate from the specific mandate of" the Court of Appeals as to the scope of re-sentencing).  The Court of Appeals' affirmance was issued on November 21, 2011.

3.   The instant Section 2255 proceedings followed.[2]  In his amended counseled application, Petitioner raised four grounds, asserting that:

   a.   performances of his trial and appellate counsel were constitutionally deficient for three reasons.  See Docket Entry No. 3, at 4;

   b.   this Court erred in attributing drugs in excess of a certain amount to one of Petitioner's underlying criminal offences.  See id. at 5;

   c.   this Court erred in applying a certain sentence enhancement measure to Petitioner.  See id. at 7; and

   d.   this Court erred in selecting a certain mandatory

---

   [2] Petitioner's original submission, executed pro se, contained five grounds and eight sub-grounds.  See Docket Entry No. 1.

minimum sentence.  See id. at 8.[3]

4.   In order to prevail on a petition under 28 U.S.C. § 2255,

the petitioner bears a heavy burden.  "Habeas corpus relief

is generally available only to protect against a fundamental

defect which inherently results in a complete miscarriage of

justice or an omission inconsistent with the rudimentary

---

[3]  Petitioner's amended counseled petition asserted three
sub-claims to performance by Petitioner's lawyers (stating two
claims based on performance of Petitioner's appellate attorney
and one claim based on performance of his trial attorney).  See
Docket Entry No. 1, at 4.  However, for the reasons not entirely
clear to this Court, Petitioner's memorandum of law, submitted in
support of that counseled amended pleading, asserted "a" to "i"
sub-claims, that is, nine different challenges, some of which
were not elaborated on at all: rather, Petitioner's counseled
brief invited this Court to first examine Petitioner's original
pro se submission (containing five grounds and eight sub-grounds
that did not clearly correlate to his amended, counseled claims)
and then detect those pro se grounds (or sub-grounds) that
resembled the not-elaborated-upon claims (made in Petitioner's
counseled amended pleading the most.  See id. at 19-34; see also
Docket Entry No. 1, at 3-4.  Moreover, Petitioner's ground two,
as detailed in his memorandum of law submitted in support of the
amended counseled petition, was paraphrased in terms of an
assistance of counsel challenge, being qualitatively different
from the ground two articulated in the amended counseled petition
itself.  See Docket Entry No. 3, at 33.  Furthermore,
Petitioner's ground three stated in his amended counseled
petition was wholly omitted from his memorandum of law submitted
in support of the same, while his ground four was elaborated upon
in that memorandum of law by a single sentence requesting an
evidentiary hearing on the subject undisclosed to this Court.
See id. at 34.  The Court, therefore, takes this opportunity to
stress that: (a) counseled applications do not enjoy the
tolerance given to pro se submissions; in any event, (b) all
"[h]abeas corpus petitions must meet heightened pleading
requirements," McFarland v. Scott, 512 U.S. 849, 856 (1994); and
(c) Habeas Rule 2(c) expressly requires a petition to "specify
all the grounds for relief available to the petitioner" and
"state the facts supporting each ground."  28 U.S.C. § 2254 Rule
2(c), applicable to Section 2255 proceedings through Rule 1(b).

demands of fair procedure." <u>United States v. DeLuca</u>, 889 F.2d 503, 506 (3d Cir. 1989) (citing <u>Hill v. United States</u>, 368 U.S. 424, 428 (1962)).  Section 2255 does not embrace all claimed errors in conviction and sentencing, and where the claimed error is not jurisdictional or constitutional, the scope of collateral attack is much more limited.[4]  <u>See United States v. Addonizio</u>, 442 U.S. 178, 185 (1979).  For a collateral attack under § 2255, "a distinction is drawn between constitutional or jurisdictional errors on the one hand, and mere errors of law on the other," <u>United States v. Capua</u>, 656 F.2d 1033, 1037 (5th Cir. 1981), because, "after conviction and exhaustion or waiver of any right to appeal, 'we are entitled to presume that [the defendant] stands fairly and finally convicted.'" <u>United States v. Shaid</u>, 937 F.2d 228, 231-32 (5th Cir. 1991) (<u>en banc</u>) (quoting <u>United States v. Frady</u>, 456 U.S. 152, 164 (1982)), <u>cert. denied</u>, 502 U.S. 1076 (1992).

5.   Accordingly, "[w]here a [petitioner] has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the [petitioner]

---

[4] To warrant collateral relief, an error of law must constitute a fundamental defect resulting in a "complete miscarriage of justice," an omission that is "inconsistent" with rudimentary demands of fair procedure, or an "exceptional circumstance." <u>United States v. Timmreck</u>, 441 U.S. 780, 783 (1979).

can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'"[5]   Bousley v. United States, 523 U.S. 614, 622 (1998) (citing Murray v. Carrier, 477 U.S. 478, 485 and 496 (1986); Wainwright v. Sykes, 433 U.S. 72, 87 (1977); and Smith v. Murray, 477 U.S. 527, 537 (1986)); see also United States v. Frady, 456 U.S. 152, 167-68 (1982).  To show cause, the petitioner "must establish that 'some external impediment' prevented him from raising the claim." Wise v. Fulcomer, 958 F.2d 30, 34 n. 9 (3d Cir. 1992 ) (quoting McCleskey v. Zant, 499 U.S. 467 (1991)); see also Frady, 456 U.S. at 170.  "Prejudice exists where 'errors at trial . . . worked to [petitioner's] actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimensions.'" Coleman v. Thompson, 501 U.S. 722, 753 (1991); see also Murray, 477 U.S. at 494; Frady, 456 U.S. at 170.

6.   Petitioner's first cluster of claims (asserting ineffective assistance of his trial and appellate counsel) arguably satisfies the cause and actual prejudice standard. "Ineffective assistance of counsel . . . is cause for a procedural default." Murray, 477 U.S. at  488.  "If [a]

---

[5]  Here, Petitioner's challenges to the amount of controlled substance attributed to his offence, his claim alleging improper sentence, his position that he was exposed to "double jeopardy," etc. do not suggest an assertion of actual innocence.

procedural default is the result of ineffective assistance of counsel, the Sixth Amendment . . . requires that responsibility for the default be imputed to the [government], which may not 'conduct trials at which persons who face incarceration must defend themselves without adequate legal assistance.'"  Id. (quoting Cuyler v. Sullivan, 446 U.S. 335, 344 (1980)).  Indeed, the general rule is that a claim of ineffective assistance of counsel cannot be resolved on direct appeal when the claim has not been raised before the district court since no opportunity existed to develop the record on the merits of the allegations.

7.    In contrast, Petitioner's grounds two, three and four, as set forth in his amended counseled pleading, appear procedurally defaulted.[6]  Moreover, Petitioner's original and amended Section 2255 applications are silent as to the procedural default aspect, hence suggesting that Petitioner has no "cause" and "prejudice" argument to offer this Court. Thus, as drafted, Petitioner's application comes dangerously close to conceding that Petitioner's grounds two, three and

---

[6] While Petitioner now asserts that this Court should have entertained his additional challenges to sentencing during the remand proceedings, Petitioner is well aware that this Court was limited by the scope of the remand mandate and, paramountly here, nothing prevented Petitioner from raising these additional challenges ab initio during direct appeal.

four stated in his amended counseled pleading are subject to
dismissal as procedurally defaulted.

8.   However, out of abundance of caution, this Court finds it
     warranted to allow Petitioner an opportunity:

     a.   to withdraw his procedurally defaulted claims; or

     b.   to state his bases, if any, for seeking excuse of his
          procedural default.

9.   In addition, in light of the substantial discrepancies
     between Petitioner's amended counseled petition and his
     memorandum of law in support of the same, and being mindful
     of the utter confusion resulting from Petitioner's
     invitation to "incorporate by reference" some of his claims
     superceded by his amended counseled pleading, see Instant
     Memorandum Opinion and Order, note 3 (detailing these
     shortcomings), this Court finds it warranted to allow
     Petitioner one last opportunity to state his claims clearly,
     concisely and in compliance with Habeas Rule 2.

     IT IS, therefore, on this  11th  day of   December   , 2012,
     ORDERED that Petitioner's § 2255 application is dismissed.

Such dismissal is without prejudice to Petitioner's filing of:
(a) his written statement expressly withdrawing his procedurally
defaulted challenges, or (b) his written statement showing cause
as to why Petitioner's challenges other than those asserting
ineffective assistance of counsel should not be dismissed as

procedurally defaulted; and it is further

ORDERED that Petitioner's written statement (regardless of whether such statement seeks to show cause or withdraws procedurally defaulted challenges) shall be accompanied by Petitioner's second amended habeas petition.  Such second amended petition shall be executed thoughtfully, clearly and concisely, in strict compliance with the requirements posed by Habeas Rule 2, without any "incorporation by reference" requests or requests for evidentiary hearings on unspecified matters; and it is further

ORDERED that Petitioner's written statement and his second amended habeas petition shall be filed within thirty days from the date of entry of this Memorandum Opinion and Order; and it is further

ORDERED that the Clerk shall administratively terminate this action by making a new and separate entry on the docket reading, "CIVIL CASE TERMINATED."  Such termination is not a dismissal on merits, and this Court does not withdraw its jurisdiction over this action.  The Clerk will be directed to reopen this matter upon timely receipt of Petitioner's second amended petition and his written statement; and it is further

ORDERED that, in the event Petitioner timely makes aforesaid filings, his Section 2255 application will be deemed timely provided that Petitioner's original application, Docket Entry No.

1, was filed within the period allowed by the statute of limitations; and it is further

ORDERED that the Clerk shall serve this Memorandum Opinion and Order upon Respondent by means of electronic delivery; and it is further

ORDERED that Respondent shall make appearances within fourteen days from the date of entry of this Memorandum Opinion and Order.  No Respondent's submissions other than appearances are required at this juncture; and it is finally

ORDERED that the Clerk serve this Memorandum Opinion and Order upon Petitioner by means of electronic delivery.


s/Robert B. Kugler
**ROBERT B. KUGLER**
**United States District Judge**