**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| LORENZO HARDWICK, | : | |
|  | : | Civil Action No. 12-7158(RBK) |
| Petitioner, | : | |
|  | : | |
| v. | : | **OPINION** |
|  | : | |
| UNITED STATES OF AMERICA, | : | |
|  | : | |
| Respondent. | : | |

**KUGLER**, United States District Judge.

## I. INTRODUCTION

On April 4, 2014, Petitioner Lorenzo Hardwick ("Petitioner") filed an all-inclusive amended § 2255 motion, alleging that he received ineffective assistance by trial counsel and appellate counsel. (All-Inclusive Amended § 2255 Mot., ECF No. 16.) On September 18, 2018, the undersigned issued an Opinion and Order denying Petitioner's all-inclusive amended § 2255 motion. (Opinion, ECF No. 23, Order, ECF No. 24.) On October 15, 2018, Petitioner filed a motion for reconsideration of the Court's Opinion and Order, which is now before the Court. (Mot. for Reconsideration, ECF No. 25.) For the reasons discussed below, the motion for reconsideration is denied in part and the Court will

1

order supplemental briefing on Grounds Five and Seven of the motion.

## II. BACKGROUND

On February 22, 2005, a federal grand jury in Camden, New Jersey returned an eight-count Superseding Indictment charging Bernard Murray, Allen Resto, Lorenzo Hardwick, Jose Rodriguez and Ramon Saldana with drug and firearms crimes. *United States v. Perez, et al.*, Criminal Action No. 02-684-5(RBK)("*Perez*") (Superseding Indictment, ECF No. 144.) Count One alleged a conspiracy, lasting from January 1998 to September 2002, to distribute, and possess with intent to distribute, more than one kilogram of heroin and more than 50 grams of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 21 U.S.C. § 846. (*Id.*, ¶1.) Petitioner and other individuals were named as members and associates of the Perez Organization, which was alleged to have controlled and directed street-level distribution of heroin and crack at drug sets in Camden. (*Id.*, ¶2.)

In the Superseding Indictment, it was alleged that the Perez Organization controlled Camden drug sets located at 5th & Grant Streets, 9th & Cedar Streets, 26th Street & River Road, and 7th & Vine Streets, and it sought to expand its operations by opening additional drug sets in Camden, including at Louis & Whitman Streets and 34th & Federal Streets. (*Id.*) It was further alleged that several of the drug sets were associated with the Sons of

2

Malcolm X, a Camden-based street gang that distributed controlled substances through drug sets to which the Perez Organization claimed ownership and controlled through the use of violence and threats of violence. (*Perez*, Superseding Indictment, ECF No. 144, ¶2.)

The Superseding Indictment specified the roles that Petitioner and others played in the Perez Organization. (*Id.*, ¶3.) Enrique Perez, Bernard Murray and Allen Resto were partners who directed the Perez Organization's drug distribution activities and mediated disputes among the members; Murray obtained crack for the organization and arranged for its distribution; Carlos Hernandez supplied heroin; Petitioner, along with Joseph LaCourt, Arnaldo Gomez, and Ramon Saldana, acted as managers who coordinated the drug distribution activities of the drug sets and collected the proceeds from the drug sales; Linda Castner worked at drug sets; and Anthony Perez and Jose Rodriguez, among others, processed heroin for the Organization. (*Id.*)

In the Superseding Indictment it was also alleged that the Perez Organization maintained control over and protected its operation through violence and threats of violence, including the February 19, 2001 murder of Hiram Rosa; the March 11, 2001 murder of Kenneth Allen; the October 20, 2001 murder of Troy James; and the conspiracy during August and September 2002 to murder M.D. (*Id.*, ¶13.)

The Superseding Indictment contained a number of additional counts. Counts Three through Five charged Murray, Resto and Petitioner respectively with possessing, brandishing, discharging and using a firearm during 1998 to 2002, in furtherance of the drug-trafficking conspiracy, in violation of 18 U.S.C. §§ 924(c)(1)(A), (c)(1)(C), and 2. (*Perez*, Superseding Indictment, ECF No. 172 at 6-8.) Count Six charged Murray, Resto and Petitioner with possessing, brandishing, discharging and using firearms in furtherance of the drug-trafficking conspiracy on February 19, 2001 (referring to the murder of Hiram Rosa), in violation of 18 U.S.C. §§ 924(c)(1)(A), (c)(1)(C), and 2. (*Id.*, p. 9.)

On March 25, 2003, Petitioner was indicted, with twelve co-conspirators, in another drug conspiracy in violation of 21 U.S.C. § 846. *United States v. Tuten, et al.*, 03-cr-228-4(FLW)(D.N.J.)("Tuten")(Indictment, ECF No. 1, March 25, 2003). Of the co-conspirators who proceeded to trial, only Petitioner was acquitted. (*Tuten*, Judgment, ECF No. 317.)

Petitioner's trial in the instant matter commenced on April 18, 2005, along with Defendants Murray, Resto, and Rodriguez. (*Perez*, Minute Entry, ECF No. 196.) The jury rendered its verdict of guilty on all counts on June 6, 2005. (*Perez*, Minute Entry, ECF No. 275.)

After the verdicts, Petitioner unsuccessfully moved for a new trial. (*Perez*, Mot. for Acquittal, ECF No. 278; Minute Entry, April

4

28, 2006, ECF No. 319.) Petitioner was sentenced on April 28, 2006, and received a life sentence on Count One, and additional consecutive sentences based on his 18 U.S.C. § 924(c) conviction; a consecutive five-year term of imprisonment on Count Five, and a consecutive 25-year term of imprisonment on Count Six, for a total of life imprisonment plus 30 years (360 months) consecutively. (*Perez*, Judgment, ECF No. 320.)

Petitioner filed a timely notice of appeal (*Perez*, Notice of Appeal, ECF No. 327), which was consolidated with appeals of his co-defendants (*Perez*, Mandate of USCA, ECF No. 389.) The Third Circuit Court of Appeals addressed the merits of two issues:[1] (1) whether a waiver in a proffer agreement that allows the Government to use a defendant's proffer statements as part of its case-in-chief at trial is valid and enforceable; and (2) whether admission of that proffer statement violated the Confrontation Clause rights of other defendants who were implicated in that proffer statement. *United States v. Hardwick*, 544 F.3d 565, 567 (3d Cir. 2008).

---

[1] The Third Circuit summarily dismissed Hardwick's following claims as without merit: (1) acceptance of Captain Joseph Bowen as an expert on the Sons of Malcolm X was prejudicial error; (2) the Assistant United States Attorney's vouching statements during closing argument were reversible error; (3) the late admission of pretrial statements of co-defendant Bernard Murray violated the Confrontation Clause and constitutes reversible error; (4) use of unproven, judicially found facts to enhance defendant's sentence beyond the statutory maximum found by the jury was improper and requires defendant's sentence to be vacated. *United States v. Hardwick*, 544 F.3d 565, 567 n.1. (3d Cir. 2008).

5

The Third Circuit found no reversible error and affirmed the convictions. *Hardwick*, 544 F.3d at 568. However, the United States conceded that it had charged multiple § 924(c) counts improperly and sought a remand to this Court for resentencing consistent with a Justice Department policy memorandum. The Third Circuit ordered the remand. *Id.* at 574.

This Court held a resentencing hearing on January 5, 2010. (*Perez*, Resentencing Transcript, ECF No. 415.) The Court sentenced Petitioner to life imprisonment on Count 1, and a consecutive 60-month sentence on Count 5 under 18 U.S.C. § 924(c). (*Perez*, Judgment on Resentencing, ECF No. 418 at 2.) Petitioner filed a notice of appeal on January 8, 2010. (*Perez*, Notice of Appeal, ECF No. 419.) The Third Circuit affirmed Petitioner's sentence on November 21, 2011. *United States v. Hardwick*, 455 F. App'x. 151 (3d Cir. 2011.)

Petitioner, in his all-inclusive amended § 2255 motion, alleged the following grounds for relief:

> Ground One: ineffective assistance of appellate counsel for failure to raise double jeopardy and collateral estoppel on direct appeal
>
> Ground Two: ineffective assistance of trial counsel for failure to object to violation of Amendment 599 at sentencing hearing
>
> Ground Three: ineffective assistance of trial counsel for failure to object to hearsay and other crimes evidence of Agent Sweeney,

6

testifying that Petitioner was the target of unsolved murders in Camden

Ground Four: ineffective assistance of appellate counsel for failing to raise issue that the presence of a gun is not enough to trigger a conviction under 18 U.S.C. § 924(c)

Ground Five: ineffective assistance of appellate counsel for failing to appeal drug amounts outside Petitioner's participation in the conspiracy

Ground Six: ineffective assistance of trial counsel for failing to appeal the application of U.S.S.G. §2D1.1 because Government failed to prove that the substance was crack

Ground Seven: ineffective assistance of appellate counsel for failing to appeal mandatory minimum 10-year to life sentence minus the jury finding of threshold amounts attributed to Petitioner

Ground Eight: ineffective assistance of trial counsel for failing to ask for a jury instruction that Petitioner could not conspire with Jose Perez because a conspiracy cannot rest on an agreement with a government informer

Ground Nine: the increase in Petitioner's mandatory minimum sentence on Count One violated the Sixth Amendment and Petitioner's right to a jury.

(All-Inclusive Am. Mot., ECF No. 16, ¶12; *see also* Supp. Mem. of Law in Supp. of Lorenzo Hardwick's All-Inclusive Am. Mot. § 2255 to Vacate Petitioner's Sentence and Conviction ("Petr's Mem.") ECF Nos. 16-2 and 16-3.)

III. DISCUSSION

A. <u>Motion for Reconsideration</u>

7

Petitioner asserts the following grounds for relief in his motion for reconsideration:

>[1] The District Court Committed a Clear Error of Law in [Its] Application of the Totality of the Circumstance Test in Ground One
>
>[2] The Court Committed a Clear Error of Law in [Its] Application of the Rule of Collateral Estoppel in Ground One
>
>[3] The Court Committed a Clear Error of Law in [Its] Denial of Petitioner[']s Violation of Amendment 599
>
>[4] The Court Committed a Clear Error of Law in [Its] Denial of Petitioner[']s Ground Three Ineffective Assistance of Counsel Failure to Object
>
>[5] The Court Committed a Clear Error of Law When it Denied Petitioner's Ground Four Ruling that It Was Moot
>
>[6] The Court Committed a Clear Error of Law in [Its] Denial of Petitioner[']s Ground Five
>
>[7] The Court Committed a Clear Error of Law in [Its] Denial of Petitioner[']s Ground Six
>
>[8] The Court Committed a Clear Error of Law in [Its] Denial of Petitioner[']s Ground Seven
>
>[9] The Court Committed a Clear Error of Law in [Its] Denial of Petitioner[']s Ground Eight

(Mot. for Reconsideration, ECF No. 25.)

B. <u>Federal Rule of Civil Procedure 59(e)</u>

A motion for reconsideration under Rule 59(e) is not an opportunity to relitigate a case. <u>Blystone v. Horn</u>, 664 F.3d 397, 415 (3d Cir. 2011).

> Accordingly, a judgment may be altered or amended [only] if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.

Id. at 415 (quoting Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc., 602 F.3d 237, 251 (3d Cir. 2010).

C. Ground One(a): Double Jeopardy

Petitioner contends that the Court erred in its assessment of the third prong of the double jeopardy test, the overlap of personnel between two conspiracies. (Mot. for Reconsideration, ECF No. 25 at 4-5.) Petitioner relies on the Court's finding that Petitioner was the only named conspirator alleged in both organizations. (Id.) He states that both indictments allege there were unnamed co-conspirators; "[a]lso see [t]he Court[']s Opinion at 12 for some of the names of unindicted as well as indicted co-conspirators." (Id. at 5.)

For the third prong of the double jeopardy test, Petitioner has not identified any overlap in unindicted co-conspirators in the Tuten/Paulk and Perez/Murray cases. He cites to page twelve of the Court's Opinion, where the Court listed the facts Petitioner offered in support of his claim that the two conspiracy prosecutions were not distinct. (Opinion, ECF No. 23 at 12.) Perez

9

was a defendant in the Perez/Murray Case and an unindicted confidential source in the Tuten/Paulk case. (Id.) Mark Lee was a co-defendant in Tuten/Paulk and an unindicted witness against Petitioner in the Perez/Murray case. (Id.) These facts were considered by the Court and do not show there was an overlap in personnel between the two conspiracies.

Petitioner also challenges the Court's application of the fourth prong of the double jeopardy test. Petitioner argues the Court erred by relying on the overt act of the murder of Hiram Rosa as a distinguishing factor in the two charged conspiracies. (Id. at 5-6.) Petitioner contends the Court should have focused on whether there were two agreements or only one. (Id.)

The Court applied the proper test in its Opinion. The overt act was only one factor in determining that there were two conspiracies to sell drugs on different drug corners in Camden, led by two separate drug organizations. (Opinion, ECF No. 23 at 14-20.) Petitioner has not shown a clear error of law that requires reconsideration of Ground One of his § 2255 motion.

D.  Ground One(b):  Collateral Estoppel

Petitioner argues that the Court erred in denying his collateral estoppel claim by failing to examine the entire record of the prior trial, including the pleadings, evidence charged and other relevant evidence. (Mot. for Reconsideration, ECF No. 25 at

10

6.) Petitioner does not point to any particular information in the record that he believes the Court failed to consider.

The Court applied the proper test under *United States v. Rigas*,[2] for Petitioner's collateral estoppel argument. (Opinion, ECF No. 23 at 20-25.) Petitioner has not shown a clear error of law entitling him to reconsideration of his collateral estoppel argument in Ground One of his § 2255 motion.

E. <u>Ground Two: U.S.S.G. Amendment 599</u>

Petitioner contends the Court erred in ruling on his Amendment 599 claim because the Court failed to recognize that the murder of Hiram Rosa was in furtherance of Count One on the Superseding Indictment. (ECF No. 25 at 8.) Petitioner is wrong. The Court explained that Petitioner's sentence for drug conspiracy on Count One was not enhanced by any of the facts that supported his conviction on Count Five for violation of 18 U.S.C. of § 924(c). (Opinion, ECF No. 23 at 26-28.) Petitioner has not shown a clear error of law entitling him to reconsideration of Ground Two of his § 2255 motion.

F. <u>Ground Three: Ineffective Assistance of Trial Counsel Based on Failure to Object to Hearsay and Admission of 404(b) Evidence</u>

In his challenge to Ground Three, Petitioner concedes that Agent Sweeney properly testified to his involvement in the drug

---

[2] 605 F.3d 194 (3d Cir. 2010).

conspiracy investigation, but asserts that his counsel was ineffective for failing to object to Sweeney's testimony that Petitioner was the target of unsolved murders in Camden, New Jersey. (Mot. for Reconsideration, ECF No. 25 at 8.) This argument is merely an attempt to relitigate Ground Three of Petitioner's § 2255 motion. The Court carefully considered the potential for abuse of out-of-court statements to show background and determined that Agent Sweeney's testimony was not improper nor was it prejudicial to Petitioner. (Opinion, ECF No. 23 at 28-35.) Petitioner has not shown a clear error of law entitling him to reconsideration of Ground Three of his § 2255 motion.

    G.   <u>Ground Four: Count Six of the Superseding Indictment</u>

In Ground Four of Petitioner's All-Inclusive Amended § 2255 motion, Petitioner asserted "Ineffective Assistance of [Appellate] Counsel for failing to raise violation of count six § 924(c)." (ECF No. 16 at 8.) Petitioner argued that he "was found guilty of possession of a firearm, the case law of the statute hold that the mere presence of a gun is not enough to trigger a conviction under § 924(c)." (<u>Id.</u>) The Government responded in its answer that Count Six, violation of § 924(c), was dismissed when Petitioner was resentenced. (Answer, ECF No. 19 at 18). In reply, Petitioner asserted that he meant to challenge his conviction on Count Five,

12

and the same argument applied, that mere presence of a gun is insufficient to convict on § 924(c).

Even if the Court had applied Petitioner's argument to Count Five of the Superseding Indictment rather than Count Six, his claim would have failed; therefore there is no basis for this Court to alter or amend the judgment under Rule 59(e). Petitioner argued in his reply that there was insufficient evidence that his possession of a firearm advanced or helped forward a drug trafficking crime. (Reply, ECF No. 22 at 27.) Petitioner asserted the jury determined only that Petitioner possessed a weapon. (Id. at 27-28.) Petitioner quoted the testimony of E. Perez that "FuQuan would hold guns" and Perez's testimony that there was no need for guns on the drug sets. (Id. at 27-28.)

David Lopez testified that he asked Anthony for a gun to use for protection against robbery of the drug set. Anthony gave him a gun but took it back two days later. Then, Rick told Fu Quan [Hardwick] to give Lopez a Tech 9. (T:5/16/05-3749:22-25; 3750:1-3752:21.) (*See also* ECF No. 292 at 11-12.) This evidence supports the conclusion that Petitioner held guns for the drug set, and the guns were used to protect the drug set against robbery. Petitioner has not shown a clear error of fact or law entitling him to reconsideration of Ground Four of his § 2255 motion.

## H. Ground Five: Ineffective Assistance of Appellate Counsel for failing to dispute drug amounts outside the scope of Petitioner's participation in the conspiracy

Petitioner argues that the Court failed to perform the three-part test under U.S.S.G. § 1B1.3 to determine relevant conduct drug amounts: (1) in furtherance of a jointly undertaken activity; (2) within the scope of the agreement; and (3) reasonably foreseeable in connection with the criminal activity the defendant agreed to undertake. (Mot. for Reconsideration, ECF No. 25 at 10-11.)

The basis for Ground Five in Petitioner's motion to vacate, set aside or correct sentence under § 2255 was that his sentence was based upon disputed drug amounts attributed to him. (Petr's Mem., ECF No. 16-3 at 10-12.) He asserted that, at sentencing, the Court failed to either make a finding as to the disputed drug amount in the Presentence Investigation Report or a determination that no such finding was necessary because the matter would not be considered at sentencing. (*Id.* at 10.) He further alleged ineffective assistance of counsel because his counsel failed to demand an evidentiary hearing on the drug amount; demand that the government prove the drug amount; offer rebuttal evidence; or demand a judicial finding of fact. (*Id.* at 11.)

Petitioner further alleged, in support of Ground Five, that the entirety of drugs involved in the conspiracy could not be attributed to him pursuant to U.S.S.G. § 1B1.3, and that the Court

must conduct a three-part test to determine the relevant conduct of the defendant within the scope of the agreement. (*Id.* at 13.) Ultimately, Petitioner argued that the Court erred in relying on Enrique Perez's testimony that Petitioner participated in a conspiracy involving 1.5 kilograms of crack cocaine and 30 kilograms of heroin because there was no support in the trial record for his testimony. (*Id.* at 13-14.) Petitioner maintained that the Court erred in finding him responsible for all of the drugs involved in the conspiracy. (*Id.* at 15.)

The Government, and subsequently the Court, construed Ground Five as a challenge under *Apprendi*[3] to the jury's fact finding with respect to the drug type and quantity involved in the conspiracy. (Opinion, ECF No. 23 at 37-38.) It does appear, however, that Petitioner's challenge is to the drug amount attributable to him by the Court for sentencing purposes under U.S.S.G. § 1B1.3.

The Court will reserve this claim to obtain supplemental briefing by the Government.

> I. Ground Six: Ineffective Assistance of Appellate Counsel for failing to appeal the application of the crack cocaine sentencing enhancement

In support of his challenge to the Court's ruling on Ground Six, Petitioner argues that in *United States v. Murray*, the Government never provided specific or reliable evidence that the

---

[3] Apprendi v. New Jersey, 530 U.S. 466 (2000).

substance charged was crack. (Mot. for Reconsideration, ECF No. 25 at 11.) The Court found that the trial record was replete with testimony that the Perez/Murray Organization was in the business of selling crack and heroin, and specifically that Hardwick was permitted for a period of time to sell crack at a certain location. (Opinion, ECF No. 23 at 39.) Therefore, there is no basis for the Court to reconsider Ground Six of Petitioner's § 2255 motion.

> J. <u>Ground Seven: Ineffective Assistance of Appellate Counsel for failing to request a jury instruction to determine the quantity of drugs attributable to each defendant in the conspiracy</u>

As with Ground Five, Petitioner argues that the Court failed to perform the three-part test under U.S.S.G. § 1B1.3 to determine relevant conduct drug amounts: (1) in furtherance of a jointly undertaken activity; (2) within the scope of the agreement; and (3) reasonably foreseeable in connection with the criminal activity the defendant agreed to undertake." The Court reserves this claim for supplemental briefing.

> K. <u>Ground Eight: Ineffective Assistance for failing to request a jury instruction that Hardwick could not be found guilty of conspiracy if he were found to only have conspired with Jose Perez who was a paid government informant</u>

In support of this claim, Petitioner quotes <u>United States v. Luck</u>, 611 F.3d 183, 189-90 (4th Cir. 2010), "trial counsel was ineffective when he failed to request an informant instruction … because the jury was not cautioned to consider the special problems

of credibility posed by the government's paid informants." The Court denied this claim because the jury found that Petitioner conspired not only with Perez but also with Bernard Murray, Allen Resto and Jose Rodriguez, none of whom were government informants. (Opinion, ECF No. 23 at 40.) Petitioner has not shown a clear error of fact or law entitling him to reconsideration of Ground Eight of his § 2255 motion.

IV. CONCLUSION

For the foregoing reasons, the Court denies Petitioner's motion for reconsideration in part and will order supplemental briefing by the Government on Grounds Five and Seven of the motion for reconsideration.

Dated: February 14, 2020

s/Robert B. Kugler
**ROBERT B. KUGLER**
**United States District JUDGE**