**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| LORENZO HARDWICK, | : : : : : : : : : : : | Civil Action No. 12-7158(RBK) |
| Petitioner, | | |
| v. | | **OPINION** |
| UNITED STATES OF AMERICA, | | |
| Respondent. | | |

**KUGLER**, United States District Judge.

I. INTRODUCTION

On April 4, 2014, Petitioner Lorenzo Hardwick ("Petitioner") filed an all-inclusive amended § 2255 motion, alleging that he received ineffective assistance by trial counsel and appellate counsel. (All-Inclusive Amended § 2255 Mot., ECF No. 16.) On September 18, 2018, the undersigned issued an Opinion and Order denying Petitioner's all-inclusive amended § 2255 motion. (Opinion, ECF No. 23; Order, ECF No. 24.) On October 15, 2018, Petitioner filed a motion for reconsideration of the Court's Opinion and Order. (Mot. for Reconsideration, ECF No. 25.) On February 21, 2020, the Court denied the motion in part, reserving reconsideration of Grounds Five and Seven of the § 2255 motion for

additional briefing.[1] (Opinion, ECF No. 30; Order, ECF No. 31.) For the reasons discussed below, the motion for reconsideration is denied in full.

## II.   BACKGROUND

On February 22, 2005, a federal grand jury in Camden, New Jersey returned an eight-count Superseding Indictment charging Bernard Murray, Allen Resto, Lorenzo Hardwick, Jose Rodriguez and Ramon Saldana with drug and firearms crimes. *United States v. Perez, et al.*, Criminal Action No. 02-684-5(RBK)("*Perez*") (Superseding Indictment, ECF No. 144.) Count One alleged a conspiracy, lasting from January 1998 to September 2002, to distribute, and possess with intent to distribute, more than one kilogram of heroin and more than 50 grams of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 21 U.S.C. § 846. (*Id.*, ¶1.) Petitioner and other individuals were named as members and associates of the Perez Organization, which was alleged to have controlled and directed street-level distribution of heroin and crack at drug sets in Camden. (*Id.*, ¶2.)

The Superseding Indictment alleged that the Perez Organization controlled Camden drug sets located at 5th & Grant

---

[1] Petitioner has raised additional issues in his supplemental brief. (Petitioner's Supp. Brief, ECF No. 49.) The Court will address solely those issues reserved from Petitioner's motion for reconsideration. (Petitioner's Motion for Reconsideration, ECF No. 25.)

Streets, 9th & Cedar Streets, 26th Street & River Road, and 7th & Vine Streets, and it sought to expand its operations by opening additional drug sets in Camden, including at Louis & Whitman Streets and 34th & Federal Streets. (*Id.*) Several of the drug sets, it was alleged, were associated with the Sons of Malcolm X, a Camden-based street gang that distributed controlled substances through drug sets to which the Perez Organization claimed ownership and controlled through the use of violence and threats of violence. (*Perez*, Superseding Indictment, ECF No. 144, ¶2.)

The Superseding Indictment specified the roles that Petitioner and others played in the Perez Organization. (*Id.*, ¶3.) Enrique Perez, Bernard Murray and Allen Resto were partners who directed the Perez Organization's drug distribution activities and mediated disputes among the members; Murray obtained crack for the organization and arranged for its distribution; Carlos Hernandez supplied heroin; Petitioner, along with Joseph LaCourt, Arnaldo Gomez, and Ramon Saldana, acted as managers who coordinated the drug distribution activities of the drug sets and collected the proceeds from the drug sales; Linda Castner worked at drug sets; and Anthony Perez and Jose Rodriguez, among others, processed heroin for the Organization. (*Id.*)

Significantly, it was also alleged that the Perez Organization maintained control over and protected its operation through violence and threats of violence, including the February

19, 2001 murder of Hiram Rosa; the March 11, 2001 murder of Kenneth Allen; the October 20, 2001 murder of Troy James; and the conspiracy during August and September 2002 to murder M.D. (*Id.*, ¶13.)

The Superseding Indictment contained additional counts. Counts Three through Five charged Murray, Resto and Petitioner respectively with possessing, brandishing, discharging and using a firearm during 1998 to 2002, in furtherance of the drug-trafficking conspiracy, in violation of 18 U.S.C. §§ 924(c)(1)(A), (c)(1)(C), and 2. (*Perez*, Superseding Indictment, ECF No. 172 at 6-8.) Count Six charged Murray, Resto and Petitioner with possessing, brandishing, discharging and using firearms in furtherance of the drug-trafficking conspiracy on February 19, 2001 (referring to the murder of Hiram Rosa), in violation of 18 U.S.C. §§ 924(c)(1)(A), (c)(1)(C), and 2. (*Id.*, p. 9.)

Petitioner's trial in the instant matter commenced on April 18, 2005, along with Defendants Murray, Resto, and Rodriguez. (*Perez*, Minute Entry, ECF No. 196.) The jury rendered its verdict of guilty on all counts on June 6, 2005. (*Perez*, Minute Entry, ECF No. 275.) Petitioner was sentenced on April 28, 2006, and received a life sentence on Count One, and additional consecutive sentences based on his 18 U.S.C. § 924(c) convictions; a consecutive five-year term of imprisonment on Count Five, and a consecutive 25-year term of imprisonment on Count Six, for a total of life imprisonment

plus 30 years (360 months) consecutively. (*Perez*, Judgment, ECF No. 320.)

The Third Circuit affirmed the convictions. <u>Hardwick</u>, 544 F.3d at 568. However, the United States conceded that it had charged multiple § 924(c) counts improperly and sought a remand to this Court for resentencing consistent with a Justice Department policy memorandum. The Third Circuit ordered a remand. *Id.* at 574.

This Court held a resentencing hearing on January 5, 2010. (*Perez*, Resentencing Transcript, ECF No. 415.) The Court sentenced Petitioner to life imprisonment on Count One, and a consecutive 60-month sentence on Count Five under 18 U.S.C. § 924(c). (*Perez*, Judgment on Resentencing, ECF No. 418 at 2.) Petitioner filed a notice of appeal on January 8, 2010. (*Perez*, Notice of Appeal, ECF No. 419.) The Third Circuit affirmed Petitioner's sentence on November 21, 2011. *United States v. Hardwick*, 455 F. App'x. 151 (3d Cir. 2011.) On September 18, 2018, this Court denied Petitioner's motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. (Opinion, 23; Order, 24.) Subsequently, the Court denied Petitioner's motion for reconsideration, reserving Petitioner's challenges to Grounds Five and Seven of the § 2255 motion for supplemental briefing. (Opinion, ECF No. 30; Order, ECF No. 31.)

### III. DISCUSSION

A.  <u>Federal Rule of Civil Procedure 59(e)</u>

A motion for reconsideration under Rule 59(e) is not an opportunity to relitigate a case. Blystone v. Horn, 664 F.3d 397, 415 (3d Cir. 2011).

> Accordingly, a judgment may be altered or amended [only] if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.

Id. at 415 (quoting Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc., 602 F.3d 237, 251 (3d Cir. 2010)).

    B.    **Ground Five: Ineffective assistance of appellate counsel for failing to dispute drug amounts outside the scope of Petitioner's participation in the conspiracy**

In his motion for reconsideration and supplemental brief, Petitioner alleged that his counsel rendered ineffective assistance at sentencing and on direct appeal by failing to dispute that more than 1.5 kilograms of crack cocaine, and more than 30 kilograms of heroin were attributable to Petitioner in the drug conspiracy. (Mot. for Reconsideration, ECF No. 25; Petitioner's Supp. Brief, ECF No. 49.) Petitioner contends he was prejudiced because he was sentenced based on drug amounts that were incorrectly attributed to him. The Government responds, in its supplemental brief, that Petitioner's sentence was not based on disputed drug amounts but rather based on his role in the drug-

related murder of Hiram Rosa. (Gov't Letter Brief in Opp. to Reconsideration, ECF No. 33 at 2.) To that, Petitioner argues that the Court was required to establish the drug amounts attributable to him under U.S.S.G. § 2D1.1 for the purpose of setting the statutory maximum sentence. (Petitioner's Supp. Brief, ECF No. 49.)

An ineffective assistance of counsel claim has two components:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Petitioner's counsel was not ineffective by failing to challenge the drug amounts used at sentencing because Petitioner's base offense level was based on his role in the drug conspiracy's murder of Hiram Rosa rather than the drug amounts attributable to Petitioner. First, the statutory maximum life sentence for 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A) is life imprisonment as Class A felonies, regardless of drug amount attributable to a specific conspirator. See 18 U.S.C. § 3559(a)(1) (PSR ¶ 8.) Second, the jury found beyond a reasonable doubt that Petitioner took part

in a drug conspiracy that involved at least one kilogram of heroin and 50 grams of cocaine base. (*Perez*, Minute Entry, ECF 275 at 1-3.)

Third, in Counts Five and Six, the jury found beyond a reasonable doubt that Petitioner was convicted of possession of a firearm in furtherance of a drug trafficking crime. (Id., ECF Nos. 275, 320.)

Fourth, at sentencing, this Court adopted the findings of the Probation Office's Presentence Report ("PSR") and found the jury had concluded that Petitioner "played some role" in the murder of Hiram Rosa: Petitioner drove the van; he had a gun; and the others "[did] the shooting." (*Perez*, Sentencing Transcript, April 28, 2006 ("Sent. Tr."), ECF No. 363 at 29.) For the drug-trafficking conspiracy conviction, this Court determined that the first-degree murder guideline, U.S.S.G. § 2A1.1, applied as a cross-reference in U.S.S.G. § 2D1.1, and established a base offense level of 43. (PSR ¶147.) If the Court had sentenced Petitioner based solely on the applicable drug weights, his base offense level would have been 38. (PSR Addendum at 44.)

Instead of a base offense determined by the drug amounts, the U.S.S.G. § 2A1.1 enhancement applied based on the following findings in the PSR. Hiram Rosa was an associate of Gerard Jackson. (PSR ¶70.) The Perez Organization confronted Jackson over his drug sales because his sales affected the profits of the Perez drug set at 7th and Vine Streets, which was operated by Hardwick and Gomez. (Id.) "Rosa became upset at the gall of members of the Perez Organization attempting to dictate to Jackson where he could or could not sell his (Jackson's)

crack." (Id.) In one confrontation, Jackson fired shots at Perez and Murray when they attempted "to give him a beating." (PSR ¶71.) "Perez and Murray began looking for Jackson to kill him." (Id.) When Rosa began to taunt Perez and Murray

> [a] plan to kill Rosa was hatched by Perez, Murray, Resto and Hardwick and executed the same day. On February 19, 2001, Hardwick, Resto, Perez and Murray were in a Chevrolet Astro Van rented by Resto, when they saw Rosa driving in the area of Cooper Hospital. Hardwick, who was driving, eventually caught Rosa in the area of 2nd and Linden Streets. Hardwick cut Rosa off and Perez and Resto got out of the van. Perez was armed with an "AK-47" type assault rifle and Resto had a .45 caliber semi-automatic handgun. Both Perez and Resto shot at Rosa while he stood on the driver's side of his white Taurus station wagon. . . . Rosa was killed because he was perceived as a threat to the organization because he was seeking to retaliate against Gerard Jackson.

(PSR ¶72, see also ¶116, application of § 2A1.1(a)).

The total offense level for the conspiracy conviction was 45, after the Court applied a two-level upward adjustment for Petitioner's managerial role, pursuant to U.S.S.G. § 3B1.1(c). (PSR ¶150.) With a criminal history category of VI, the Guidelines range was life imprisonment for Count One. (PSR ¶208.) The Court imposed a life sentence on Count One, 60 months' imprisonment on Count Five and 300 months' imprisonment on Count Six, both to be served consecutively to each other and to the life sentence. (Perez, Judgment, ECF 320.)

The Court finds that Petitioner's counsel was not ineffective by failing to dispute drug amounts applicable to Petitioner because Petitioner's base offense level was determined under U.S.S.G. § 2A1.1,

based on the cross-reference in U.S.S.G. § 2D1.1(d). Petitioner suffered no prejudice where his sentence was not based on specific drug amounts attributed to him from his role in the conspiracy. Therefore, Petitioner's motion for reconsideration of Ground Five of his § 2255 motion is denied.

  C. <u>Ground Seven: Ineffective assistance of appellate counsel [at sentencing] for failing to object to the Court's failure to perform the three-part test under U.S.S.G. § 1B1.3</u>

In Ground Seven of his motion for reconsideration and in his supplemental brief, Petitioner argued that the Court "failed to perform the three-part test under U.S.S.G. §1B1.3 to determine relevant conduct drug amounts." (Mot. for Reconsideration, ECF No. 30 at 16.) In his supplemental brief, Petitioner further asserted that he successfully appealed Count Six for possession of a firearm on February 19, 2001. (Petitioner's Supp. Brief, ECF No. 49 at 15-16.) When the Government chose to vacate Count Six, Petitioner argues it relinquished any right to argue that the conduct alleged in Count Six was sufficient to sustain the conviction in the Count One conspiracy, and satisfy the factors of § 1B1.3 without violating Due Process and Double Jeopardy. (<u>Id.</u>)

U.S.S.G. § 1B1.3 provides that, in determining the applicable Guideline range for a member of a conspiracy, the Court shall consider all acts and omissions of others that were (i) within the scope of the jointly undertaken criminal activity, (ii) in furtherance of that criminal activity, and (iii) reasonably

foreseeable in connection with that criminal activity; that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense.

In its supplemental brief, the Government contends that the Court properly conducted the three-part test under § 1B1.3 by concluding that the PSR findings were "absolutely correct in all regards." (*Perez*, Sent. Tr., ECF No. 363 at 29.) The Court determined that Petitioner "played a crucial role in [the] drug conspiracy" as a "leader or manager or supervisor." (Id.) The Court then determined that Petitioner had "authority within [the] organization to give [Carlos] Hernandez permission to rent the 7th and Vine Street drug set. [Petitioner] supplied cocaine base to Hernandez." (Id.) Finally, the Court concluded

> as to the [drug] amounts involved, . . . the probation office got that absolutely correct. There's huge quantities of drugs being moved that we will never know the exact amount of drugs being moved, but certainly there is sufficient evidence from which one could rationally conclude that the calculations made by the probation office is absolutely correct in this.

(Id.)

As the Government submits, this Court performed the three part test under 1B1.3. Petitioner was not prejudiced by ineffective assistance of counsel because the jury found beyond a reasonable

doubt that Petitioner acted in furtherance of the Count One drug conspiracy. (*Perez,* Minute Entry, ECF No. 275.) The jury decided that the United States provided beyond a reasonable doubt that the conspiracy involved more than 50 grams of cocaine base and at least 1 kilogram of Heroin. (Id.) The jury also found beyond a reasonable doubt, in Count Six, that co-defendants Bernard Murray and Allen Resto's and co-conspirator Enrique Perez's "use[d], brandish, or discharge[d]" firearms on February 19, 2001 killing Hiram Rosa was "reasonably foreseeable" to Petitioner. (Id.)

The fact that the sentence on Count Six was vacated does not alter the fact that the jury found Petitioner guilty on Count One, which charged that the Perez Organization maintained control over and protected its operation through violence and threats of violence, including the February 19, 2001 murder of Hiram Rosa; the March 11, 2001 murder of Kenneth Allen; the October 20, 2001 murder of Troy James; and the conspiracy during August and September 2002 to murder M.D. (*Perez*, Superseding Indictment, ECF No. 144, ¶13.) The jury determined beyond a reasonable doubt that Petitioner's conduct and role in the Rosa murder satisfied the factors found in U.S.S.G. § 1B1.3.

In sum, Petitioner's conduct was in furtherance of jointly undertaken activity, it was within the scope of the agreement and it was reasonably foreseeable. Petitioner was not prejudiced by counsel's failure to object at sentencing or resentencing. The

Court denies Ground Seven of Petitioner's motion for reconsideration.

## IV. Certificate of Appealability

The Court must assess whether a certificate of appealability should issue. A litigant may not appeal from a final order in a proceeding under 28 U.S.C. § 2255 without a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability shall not issue unless there is a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Based on the discussion above, reasonable jurists would not find it debatable that trial or appellate counsel provided ineffective assistance of counsel that prejudiced the defense.

## V. CONCLUSION

For the foregoing reasons, the Court denies Petitioner's motion for reconsideration of Grounds Five and Seven of his motion to vacate, set aside or correct sentence.

An appropriate Order follows.

Dated:  June 12, 2020

                                                              **s/Robert B. Kugler**
                                                              **ROBERT B. KUGLER**
                                                              **United States District JUDGE**