**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

---

|                        |   |                              |
|------------------------|---|------------------------------|
| LORENZO HARDWICK,      | : |                              |
|                        | : | Civil Action No. 12-7158(RBK)|
| Petitioner            | : |                              |
|                        | : |                              |
| v.                     | : | **OPINION**                  |
|                        | : |                              |
| UNITED STATES OF AMERICA, | : |                          |
|                        | : |                              |
| Respondent            | : |                              |

---

This matter comes before the Court upon Petitioner Lorenzo Hardwick's "Motion to Correct a Clerical Error and Reinstate the 90 day time limit to file a petition for writ of certiorari pursuant to Rule 60(a), or in the alternative 60(b)(6)." (ECF No. 58.) For the reasons discussed below, Petitioner is not entitled to relief under Federal Rule of Civil Procedure ("FRCP") 60.

Petitioner explained the procedural background that led him to file this motion. On July 15, 2020, he filed a pro se motion for a certificate of appealability ("COA") regarding this Court's order denying his motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. (ECF No. 58 at 2.) His motion was docketed in the Third Circuit Court of Appeals in Case No. 20-2455, together with a letter advising Petitioner that the case would be submitted to a panel for decision on issuance of a COA. (*Id.*) On December

29, 2021, Petitioner learned that his motion was no longer pending in the Third Circuit, his motion for a COA had been denied on January 6, 2021. (ECF No. 58 at 2.)  Petitioner never received notice of the denial of his motion from the Third Circuit. (*Id.*) Therefore, Petitioner's 90 day time limit to file a petition for writ of certiorari in the Supreme Court lapsed.

Petitioner seeks reinstatement of the 90 day period to file a petition for writ of certiorari pursuant to FRCP 60(a) or 60(b)(6).  Rule 60(a) provides that a

> court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.

Rule 60(b)(6) provides "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:  any other reason that justifies relief."

FRCP 60 permits district courts to correct their own mistakes or provide relief from their own judgments, orders or proceedings. 11 Charles Alan Wright and Arthur R. Miller, § 2851 History and Purpose of Rule, *Fed. Prac. & Proc. Civ.* § 2851 (3d ed. 2022) ("The usual procedure is by motion in the court and in the action in which the judgment was rendered.") This court cannot provide relief

from a judgment, order or proceeding in the Third Circuit Court of Appeals. There is a mechanism to extend time in the Third Circuit for filing a petition for writ of certiorari in the Supreme Court. Federal Rule of Appellate Procedure ("FRAP") 41(d)(1) provides:

> A party may move to stay the mandate pending the filing of a petition for a writ of certiorari in the Supreme Court. The motion must be served on all parties and must show that the petition would present a substantial question and that there is good cause for a stay.

This Court makes no finding as to the timeliness or merits of a motion filed by Petitioner under FRAP 41(d)(1) in the Third Circuit.

This Court denies Petitioner's motion under FRCP 60(a) and (b)(6) because he does not seek relief from an order, judgment or proceeding in this Court.

An appropriate Order follows.

Date: 3 October 2022

s/ Robert B. Kugler
ROBERT B. KUGLER
United States District JUDGE